UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SUSAN NORWOOD,

        Plaintiff,

v.                                   Case No. 19-2496-DDC

UNITED PARCEL SERVICE, INC.,

        Defendant.

## **ORDER**

The plaintiff, Susan Norwood, has filed a motion (ECF No. 42) seeking to compel supplemental discovery responses from defendant, United Parcel Service, Inc. Plaintiff has alleged gender discrimination, disability discrimination, retaliation, and wrongful discharge claims.[1] Plaintiff served her first interrogatories and requests for production on December 26, 2019.[2] Defendant served responses on January 29, 2020.[3] Plaintiff moves to compel supplemental answers to three interrogatories and raises two additional discovery issues: (1) conduct at the deposition of a witness and (2) the number of depositions plaintiff is permitted to take. Defendant opposes the motion to compel.[4] For the reasons discussed below, the motion is granted in part and denied in part.

---

[1] ECF No. 1.

[2] ECF No. 25.

[3] ECF No. 26.

[4] ECF No. 52.

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion, as required by D. Kan. R. 37.2. A review of the briefing and attached exhibits indicates counsel communicated via e-mail and telephone about most of the discovery issues.[5] However, it appears the parties have not fully conferred about the number of depositions needed.[6] As discussed below, the court directs the parties to further confer on that issue. The court finds counsel have adequately conferred as to the remaining issues in the motion.

Analysis

The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. Although there's a presumption in favor of disclosure of information, discovery is limited to information that is "relevant to any party's claims or defense and proportional to the needs of the case."[7] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[8]

The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

---

[5] *Id.* at 1-2.

[6] ECF No. 52 at 12-13.

[7] Fed. R. Civ. P. 26(b)(1).

[8] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[9] One central purpose of its inclusion is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[10]

Interrogatory No. 1

Interrogatory No. 1 reads: "Please identify each person whom you are aware of with knowledge of the facts and circumstances involved in Ms. Norwood's request for accommodation and separation from employment."[11]   Defendant answered the interrogatory by providing a list of individuals, including employees of UPS and members of the Regional ADA Accommodation Committee.[12]  Defendant also responded that in-house and outside counsel also attended the committee meeting but objects that "any directives, guidance, or other legal advice" from them is covered by attorney-client privilege.[13]  Defendant maintains its objection that in-house and outside counsel are

---

[9] Fed. R. Civ. P. 26(b)(1); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *1 (D. Kan. Mar. 15, 2018).

[10] *Birch v. City of Atchison, Kansas*, No. 19-2156-JAR, 2019 WL 4573410, at *1 (D. Kan. Sept. 20, 2019) (citing Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment).

[11] ECF No. 43-1 at 1.

[12] *Id.* at 1-2.

[13] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

engaged specifically to advise the company on requests for accommodation and retirement, which are at issue here, and those communications are privileged.[14]

Plaintiff initially argues defendant made impermissible conditional objections to this interrogatory.  The court has specifically disapproved of conditional discovery responses, such as when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.[15]  This practice is "manifestly confusing (at best) and misleading (at worse) and has no basis at all in the Federal Rules of Civil Procedure."[16]  But here, the court concludes defendant's objections were not conditional. Although defendant does object to the interrogatories before answering them, the objections do not use the phrase "subject to" or "without waiving."  Defendant answered the interrogatories to the extent they were not objectionable.

As to whether the identities of in-house and outside counsel are privileged, the court agrees with plaintiff.  Defendant sets forth the standard for attorney-client privileged *communications*.[17]  But the "mere attendance of an attorney at a meeting . . . does not render everything done or said at that meeting privileged."[18]  Indeed, this court has held that the

_____

[14] ECF No. 52 at 9.

[15] *Barcus v. Phoenix Ins. Co.*, No. 17-2492-JWL-KGG, 2018 WL 1794900, at *3 (D. Kan. Apr. 16, 2018) (quoting *Westlake v. BMO Harris Bank N.A.*, 2014 WL 1012669, *3 (D. Kan. Mar. 17, 2014)).

[16]*Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2–3 (D. Kan. Feb. 11, 2014).

[17] ECF No. 52 at 8-9.

[18] *Lewis v. UNUM Corp. Severance Plan*, 203 F.R.D. 615, 619 (D. Kan. 2001).

persons present, the location of the meetings, and the persons arranging the meetings are not protected by attorney-client privilege.[19]

The court grants plaintiff's motion to compel as to Interrogatory No. 1. Defendant has stated in-house counsel was present at the accommodation meeting for plaintiff. Although the parties dispute whether counsel played a "decisionmaker" role in the ultimate decision, the identity of the in-house counsel present is not privileged information. Ultimately, if in-house counsel is deposed, they may assert their attorney-client privileged information to the appropriate questions.

Interrogatory No. 5

Interrogatory No. 5 reads: "Has any UPS employee in Arkansas/Kansas/Missouri ever requested to tape record a meeting? If so, please identify each such employee and state whether the tape recording was in fact allowed."[20] Plaintiff maintains this information is relevant and proportional and she should not be required to take depositions to discover it.[21] Defendant objected to the interrogatory as overly broad, unduly burdensome, and not relevant. Specifically, defendant objected that the interrogatory seeks information outside the relevant timeline and outside the relevant geographic scope. It seeks information about "any employee who has ever been in Arkansas, Kansas, or Missouri, and has asked to tape

---

[19] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 675 (D. Kan. 2005).

[20] ECF No. 43-1 at 10.

[21] ECF No. 43 at 7.

record meetings since the company's formation."[22]  Defendant suggested an alternate scope: other high-level manager employees who requested to tape record in the workplace within the last five years.[23]  In its response, it identified a manager who attempted to tape record a meeting but was not allowed to, per defendant's policies.  Ultimately, defendant responded, "There may be others, but this information is not tracked."[24]

A document request or interrogatory is overly broad or unduly burdensome on its face if "it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information."[25]  A request not limited by time or a sufficiently specific topic may be overly broad.[26]  But even if an interrogatory or request is overly broad in nature, a party generally has a duty to respond to the extent the interrogatory or request can be narrowed to an appropriate scope.[27]  In a Title VII lawsuit, courts commonly extend the scope of discovery to a reasonable number of years both prior to and following the liability period.[28]

---

[22] ECF No. 43-1 at 11.

[23] *Id.* at 11.

[24] ECF No. 52 at 4.

[25] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006).

[26] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 529 (D. Kan. 2010).

[27] *Moses*, 236 F.R.D. at 672–73.

[28] *Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHV-DJW, 2007 WL 2010937, at *4 (D. Kan. July 9, 2007).

The court agrees with defendant.  In a national corporation with employees traveling among locations, the request is overly broad because it is not limited in time or geography, nor is it limited to employees who are similarly situated to plaintiff.  Further, as defendant explains, it would be difficult, if not impossible, to locate every individual who has ever requested to tape record a meeting, as that request is not tracked.[29]  The court agrees a temporal scope of five years is consistent with its rulings in similar situations.  Based on the information defendant has provided, the court concludes defendant has adequately responded to this interrogatory.

<u>Interrogatory No. 6</u>

Interrogatory No. 6 reads: "State all facts that support each of the affirmative defenses you intend to assert, or have asserted, during the course of this litigation."[30] Defendant responded to the interrogatory with the defenses it has developed so far, then objected that the interrogatory is an improper contention interrogatory.  Plaintiff argues it is entitled to additional information about defendant's undue burden affirmative defense.[31] Defendant maintains its objection and also explains it has not filed an answer or asserted any affirmative defenses in this case, as its motion to dismiss (ECF No. 13) is currently pending.[32]

---

[29] ECF No. 52 at 4.

[30] ECF No. 43-1 at 11.

[31] ECF No. 43 at 8.

[32] ECF No. 52 at 5.

The court sustains defendant's objections.  A contention interrogatory that seeks "all facts" supporting allegations is generally overly broad and unduly burdensome on its face.[33]  Courts have reduced the scope of such interrogatories to the material or principal facts.[34]  The court agrees Interrogatory No. 6 is a contention interrogatory because it seeks "all facts" about defendant's affirmative defenses.  Even if the interrogatory weren't overly broad, defendant has not yet asserted any affirmative defenses, due to the pending motion to dismiss.  The court denies plaintiff's motion to compel as to Interrogatory No. 5 but reminds defendant of its obligation to supplement its interrogatory answers, if applicable, once the dispositive motion is decided.

Deposition Conduct

Plaintiff argues defense counsel instructed a witness, during a deposition, "not to answer certain questions regarding conversations Mr. Roux had with counsel during the break."[35]  Plaintiff moves for an order to reopen the deposition and to instruct the witness to answer.

The District of Kansas offers guidelines on depositions, noting that private conferences between deponents and their attorneys "during the actual taking of the deposition are improper except for the purpose of determining whether a privilege or work-

---

[33] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006).

[34] *Williams v. UnitedHealth Grp.*, No. 2:18-CV-2096, 2020 WL 528604, at *4 (D. Kan. Feb. 3, 2020); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

[35] ECF No. 42 at 3.

product immunity should be asserted."[36]   But such conferences, unless prohibited by the court, "may be held during normal recesses and adjournments."[37]

Plaintiff cites a case from the Eastern District of Pennsylvania, which established a standard barring private conferences about the substance of deposition testimony once the deposition begins, including during recesses.[38]   As defendant notes, the Tenth Circuit has not ruled on whether to follow this standard, but the court looks to district courts within the Tenth Circuit for guidance.  Those courts have elected not to follow the *Hall* standard and have allowed counsel to consult with clients during breaks.[39]   The cases plaintiff cites

---

[36]   *Deposition Guidelines*, U.S DISTRICT COURT: DISTRICT OF KANSAS 5(c), http://ksd.uscourts.gov/index.php/deposition-guidelines/.

[37] *Id.*

[38] *Dalmatia Imp. Grp., Inc. v. Foodmatch, Inc.*, No. 16-2767, 2016 WL 6135574, at *6 (E.D. Pa. Oct. 21, 2016) (citing *Hall v. Clifton Precision*, 150 F.R.D. 525, 528–29 (E.D. Pa. 1993)) ("Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to peruse the chosen line of inquiry without interjection by the witness's counsel.  Private conferences are barred during the deposition . . . .").

[39] *See Cannon v. Time Warner NY Cable LLC*, No. 13-CV-02521-RM-MJW, 2015 WL 2194620, at *1 (D. Colo. May 7, 2015) ("There is no bar on attorney consultation with a client during the client's deposition, as a general matter—so long as no question is pending."); *Pia v. Supernova Media, Inc.*, No. 2:09-cv-840, 2011 WL 6069271 (D. Utah Dec. 6, 2011) (holding conversations during deposition breaks are protected by attorney-client privilege as long as no question was pending during the break); *Damj v. Farmers Ins. Co., Inc.*, 164 F.R.D. 559, 560–61 (N.D. Okla. 1995) (choosing not to implement the *Hall* standard that counsel should not consult with clients even during recesses and evening breaks).

using the *Hall* standard involve situations where counsel conferred with clients while a question was pending.[40]

The court will follow the lead of other district courts within the Tenth Circuit and deny plaintiff's motion to re-open the deposition. Defendant does not dispute its counsel spoke with the witness during a break. In reviewing the cited portions of the transcript, there were no questions pending during the breaks.[41] Counsel did not violate the District of Kansas guidelines in conferring with the witness. The court will therefore not re-open the deposition.

<u>Number of Depositions</u>

Plaintiff moves for leave to take more than 10 depositions. Specifically, plaintiff wants to take depositions of everyone on defendant's Rule 26 disclosures, plus plaintiff's predecessor, plaintiff's replacement, all the individuals who participated in the ADA Accommodation Committee meeting, and a 30(b)(6) witness.[42] Plaintiff argues she is entitled to depose the UPS employees and those who have information helpful to the

---

[40] *ZCT Sys. Grp., Inc. v. FlightSafety Int'l*, No. 08-CV-447-JHP-PJC, 2010 WL 1257824, at *5 (N.D. Okla. Mar. 26, 2010) ("However, courts recognize an exception where the answer to a pending question could reveal privileged information."); *Cordova v. United States*, No. CIV.05 563 JB/LFG, 2006 WL 4109659, at *4 (D.N.M. July 30, 2006) (discussing three off-the-record conferences while a question was pending).

[41] ECF No. 43-5; ECF No. 52 at 11.

[42] ECF No. 42 at 2. Plaintiff's motion contains a separate request to depose Matthew Webb, a member of the ADA Accommodation Committee. The court addresses the request for Mr. Webb in the larger discussion of number of witnesses, as plaintiff's argument is that she should be allowed to depose everyone who participated in that committee meeting. *See id.* at 1-2.

plaintiff, including each individual present at the committee who contributed to the decision to deny accommodations to plaintiff, as well as all of defendant's listed witnesses.[43]

However, the exact number of requested depositions remains unclear from the briefing.  Defendant represents it understood plaintiff to be seeking 11 depositions initially, then provides a brief summary of the parties' attempts to schedule those depositions.[44] Defendant asserts plaintiff has failed to confer, as required by Fed. R. 37(a)(1) and Local Rule 37.2.[45]  Essentially, defendant characterizes the issue as a lack of communication that has been compounded by the stay-at-home orders and general delays caused by the COVID-19 pandemic.[46]  In her reply, plaintiff again lists numerous potential witnesses, including defendant's 16 disclosed witnesses and in-house and outside counsel.[47]  Plaintiff also asserts all 14 witnesses from her own disclosures may potentially need to be deposed.[48] Plaintiff disputes defendant's characterization that she has failed to consult about the number of depositions.

---

[43] ECF No. 43 at 10.

[44] ECF No. 52 at 12.

[45] *Id.* at 13.

[46] *Id.* at 12.

[47] ECF No. 59 at 4.

[48] *Id.* at 4.

The scheduling order sets forth that each party may take up to 10 depositions.[49] Under Fed. R. Civ. P. 30(a)(2), a party must obtain leave of court to take additional depositions.  Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2).[50]  Courts in this district have refused to categorically adopt any exhaustion rule.[51]

Defendant represents it is not opposed to exceeding the deposition limit but now requests a limit of 11 depositions based on plaintiff's failure to confer.[52]  The court declines to impose that limit at this point.  The court believes it makes more sense for the parties to go back and comply with the applicable meet-and-confer requirements, then bring the issue to the court, if necessary, once the dispute is sufficiently crystalized.[53]

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 42) is granted as to Interrogatory No. 1 but is otherwise denied.  The parties are directed to confer regarding the number of depositions and may file a renewed motion on that issue, if necessary.

---

[49] ECF No. 22 at 8.

[50] Deposition by Oral Examination, 2 Federal Rules of Civil Procedure, Rules and Commentary Appendix A Rule 30.

[51] *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 1285359, at *3 (D. Kan. Mar. 18, 2020).

[52] ECF No. 52 at 13.

[53] *See Lawson*, 2020 WL 1285359, at *3.

Dated May 22, 2020, at Kansas City, Kansas.

       s/ James P. O'Hara
      James P. O'Hara
      U.S. Magistrate Judge