UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SUSAN NORWOOD,

Plaintiff,

v.                                                          Case No. 19-2496-DDC

UNITED PARCEL SERVICE, INC.,

Defendant.

## **ORDER**

The defendant, United Parcel Service, Inc., has filed a motion (ECF No. 53) seeking to compel supplemental discovery responses from the plaintiff, Susan Norwood. Plaintiff has alleged gender discrimination, disability discrimination, retaliation, and wrongful discharge claims.[1] Defendant served written discovery on December 26, 2019.[2] Plaintiff served responses on January 13, 2020 and has continued to supplement her responses since then.[3] Defendant moves to compel supplemental answers to one interrogatory and the corresponding request for production. Plaintiff's response states she has already served all responsive information.[4] For the reasons discussed below, the motion is granted.

---

[1] ECF No. 1.

[2] ECF No. 25.

[3] ECF No. 54-1.

[4] ECF No. 60.

O:\ORDERS\19-2496-DDC-53.DOCX

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding defendant's motion, as required by D. Kan. R. 37.2.  A review of the briefing and attached exhibits indicates counsel communicated via e-mail and telephone.[5] The court finds counsel have adequately conferred.

Interrogatory No. 15

Interrogatory No. 15 reads:

During the last three (3) years of your employment with Defendant, did you make or receive any video or audio recordings of any current or former employee of Defendant that relate to the allegations in Paragraphs 6-162 of your Amended Complaint?  If so, please identify each recording by its form (video or audio), the date and content of the recording, and the names of anyone who appears in/on the recording(s).[6]

Plaintiff answered the interrogatory by identifying three recordings: an audio recording from March 28, 2018; (2) a phone video from March 29, 2018; and (3) an audio recording from June 19, 2018.[7]  Plaintiff objected to producing any recording "made by other clients."[8]

Request No. 14

Request No. 14 seeks: "Audio, pictorial, or video recording of any existing or former employee or agent of Defendant (other than you) that relates to any of your claims

---

[5] ECF No. 54.

[6] ECF No. 54-1 at 3.

[7] *Id.*

[8] *Id.*

in this lawsuit."[9]  Plaintiff responded, "Attached.  My lawyer may have such documents, but they are not within my control."[10]  However, plaintiff did not produce any recordings at that time.[11]

During a February 11, 2020 deposition, the recordings arose as a topic when defense counsel objected to a line of questioning.  After the deposition, defendant asked for formal production of all recordings, and plaintiff provided 13 recordings.[12]  Defendant argued the descriptions of the recordings were inadequate; the dates and participants were unclear, and none had Bates labeling.[13]  Defendant sent a letter regarding the discovery deficiencies, asking plaintiff to confirm all recordings had been produced and to adequately describe the recordings that had already been produced.[14]  Plaintiff represented she did not have additional videos but did not add the descriptions of the existing videos, "including what the recordings were, who appeared on the recordings, and whether those recordings produced were the ones identified in response to Interrogatory No. 15."[15]  The parties have since engaged in conversations about supplementing the discovery responses, and plaintiff

---

[9] ECF No. 54-2 at 3.

[10] *Id.* at 3.

[11] ECF No. 54 at 2.

[12] *Id.* at 3.

[13] *Id.*

[14] *Id.* at 4.

[15] *Id.*

has found additional recordings in the interim.[16]  It appears there is at least one recording plaintiff has identified but has not produced.[17]  Defendant maintains the recording clips plaintiff has produced do not flow together, appear to start and stop in the middle of conversations, and at least one recording ends mid-sentence.[18]

Defendant argues any recordings are relevant to show plaintiff disregarded defendant's policy prohibiting the recording of meetings and conversations in the workplace.[19]  Defendant further argues the records are important to its defense because of plaintiff's claim that defendant should have waived that policy as an accommodation.[20]  Plaintiff has not objected to Interrogatory No. 15 or Request No. 14, so there are no objections before the court.  The court accepts defendant's argument that the recordings are relevant.

Essentially, this comes down to a communication issue between the parties.  The court does not doubt their good-faith efforts to obtain the responsive information, but the piece-meal communication has not been successful.  Plaintiff represents in her response she has no additional recordings, but the court cannot evaluate whether that is accurate on

---

[16] *Id.* at 6.

[17] *Id.*

[18] ECF No. 65 at 2.

[19] ECF No. 54 at 2.  Defendant represents it allowed plaintiff to make one recording of her ADA Checklist Meeting, "which management admits was a mistake; after that date, she was told she could not make further recordings."  *Id.*  The motion notes this permitted recording occurred on June 19, 2020, which the court construes as a typo.

[20] *Id.* at 2-3.

4

the current record.[21]   By **June 11, 2020**, plaintiff shall verify in writing that she has produced all responsive recordings to the interrogatory and the request for production. That includes any responsive recordings plaintiff has provided to her counsel, which are also discoverable.   Plaintiff shall clarify in writing the date and attendees for each recording.   Further, plaintiff shall clarify in writing the sequence and scope of the recordings and explain whether they represent portions of a meeting or an entire meeting. If the parties continue to struggle after that production, they should confer over the phone to ensure all information is communicated clearly.

IT IS THEREFORE ORDERED that defendant's motion to compel (ECF No. 53) is granted.

Dated May 29, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[21] ECF No. 60 at 1.