UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SUSAN NORWOOD,

                Plaintiff,

v.                                       Case No. 19-2496-DDC

UNITED PARCEL SERVICE, INC.,

                Defendant.

## **ORDER**

Plaintiff, Susan Norwood, filed this action alleging discrimination, retaliation, and wrongful discharge claims against her former employer, United Parcel Service, Inc.[1] Plaintiff served the relevant discovery, titled "Fourth Set of Requests for Production" on August 3, 2020.[2] Defendant served its responses, correcting the title to plaintiff's *fifth* set of requests for production, on September 8, 2020.[3] Plaintiff has filed a third motion to compel responses (ECF No. 115) to three requests for production. Defendant opposes the motion, arguing it has produced the relevant information. For the reasons discussed below, the court denies plaintiff's motion to compel.

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding plaintiff's motion. Fed. R. Civ. P. 37(a)(1) requires motions to compel discovery "include a certification that the movant has in good faith conferred or attempted

---

[1] ECF No. 121.

[2] ECF No. 85.

[3] ECF No. 99.

O:\ORDERS\19-2496-DDC-115.DOCX

to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff embeds in the body of her motion a string of e-mails demonstrating the parties have conferred about these issues multiple times.[4] Although the court finds the format somewhat difficult to follow, it is satisfied the parties have conferred pursuant to Fed. R. Civ. P. 37(a)(1).

Analysis

Rule 26(b) of the Federal Rules of Civil Procedure states that the parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case."[5] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense.[6] Although the court still considers relevance, the previous language defining relevance as "reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the

---

[4] ECF No. 115 at 2-9.

[5] Fed. R. Civ. P. 26(b)(1). The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

[6] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

potential to 'swallow any other limitation.'"[7]  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[8]

Request Nos. 1 and 2

The court addresses Request Nos. 1 and 2 together to reflect the structure plaintiff uses.  Request No. 1 seeks "all instant messages contained on plaintiff's former laptop."[9]  Request No. 2 seeks "all emails in .pst format contained on plaintiff's former laptop."[10]  Plaintiff argues defendant must produce plaintiff's entire .pst file and instant messages in order to rebut defendant's argument that plaintiff "failed to train her people and hold them accountable."[11]  The reply adds that these documents are relevant to show "plaintiff was holding her staff accountable and that her performance was such that she won the Safety Award in February of 2018."[12]  Beyond these assertions, there is no case law or support in the motion for why the entire database of messages is relevant, proportionate, and not overly broad.

---

[7] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

[8] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *1–2 (D. Kan. Nov. 19, 2018).

[9]  ECF No. 116-1 at 1.

[10]  *Id.* at 2.

[11]  ECF No. 115 at 2.

[12]  ECF No. 127 at 4.

As to Request No. 1, defendant maintains its initial response that it has reason to believe plaintiff didn't return her laptop and therefore defendant wouldn't have the responsive documents in the first place.[13]  Further, defendant doesn't maintain instant messages on its system.[14]

Plaintiff does not analyze the Rule 26(b) discovery factors in its motion.  The court notes defendant's assertion that plaintiff "has not meaningfully engaged with defendant about the request for instant messages,"[15] beyond asking repeatedly for the laptop, a copy of the laptop, and all e-mails from the laptop.  A review of the parties' e-mail correspondence reflects a lack of explanation or support for how the instant messages are relevant and discoverable (not to mention a lack of response as to where plaintiff's laptop has gone).  Based on the record, the court is satisfied defendant has adequately responded to the request.  Plaintiff's motion to compel is denied as to Request No. 1.

As to Request No. 2, plaintiff's reply reiterates the request for all of plaintiff's e-mails from December 1, 2017 through her retirement in 2019.[16]  But defendant correctly states the court has "already ruled on appropriate search parameters and custodians."[17]  The court previously limited plaintiff's request for defendant to produce a voluminous set of e-

---

[13]  ECF No. 126 at 4.

[14]  *Id.* at 4.

[15]  *Id.* at 4.

[16]  ECF No. 127 at 4.

[17]  ECF No. 126 at 4.

mails with a number of search terms, ruling that defendants' seven proposed custodians were sufficient.[18]  Defendant has already conducted an ESI search of plaintiff's .pst file based on those parameters and has produced the relevant documents.[19]

The court agrees plaintiff's motion constitutes an attempt to "retread old ground about ESI."[20]  Defendant has complied with the court's orders as to the scope of ESI. Plaintiff hasn't shown how additional messages aren't already captured by what defendant has produced, or how additional information is proportionate or relevant.  The court denies plaintiff's motion to compel as to Request No. 2.

Request No. 3

Request No. 3 seeks "all safety reports or the underlying data in a format like that reflected in Exhibits 3 and 4 and described in Mr. Lenox's deposition."[21]  Defendant points out there were no exhibits in Mr. Lenox's deposition or attached to the discovery requests.[22] Defendant has already produced the safety reports kept in the normal course of business, which includes some of the monthly safety scorecards for 2018 and the January-January

---

[18]  ECF No. 78 at 9.

[19]  ECF No. 126 at 4-6.

[20]  *Id.* at 6.

[21]  ECF No. 116-1 at 3.

[22]  ECF No. 115 at 8.

5

safety results for divisions within the Central Plains District between 2015 and the present.[23]

Plaintiff now seeks the monthly safety reports of her predecessor, John Jardes, and her successor, Mark Bowen.[24] To clarify, defendant has already produced "the rolling 12 months"[25] report, but plaintiff seeks the "monthly safety balanced score cards," which apparently reflect "February to February, March to March," safety records for these employees.[26] Alternatively, plaintiff seeks the individual monthly records with raw numbers and frequencies.[27] Plaintiff argues this information will "show that plaintiff was treated more harshly than her peers because [she] requested an accommodation."[28]

Although plaintiff states the summary-judgment standard for a failure-to-accommodate case, she doesn't offer any case law on the actual discoverability of this information, nor has plaintiff analyzed the Rule 26(b) discovery factors. Plaintiff merely repeats that defendant has refused to provide the information.[29] In the parties' correspondence, defendant responded that "UPS changed systems and cannot recreate the

---

[23] ECF No. 126 at 2.

[24] ECF No. 115 at 1.

[25] *Id.* at 1.

[26] ECF No. 117 at 2.

[27] *Id.* at 2-3.

[28] ECF No. 115 at 2.

[29] ECF No. 117 at 3.

month-to-month review."[30] Defendant does not maintain monthly data related to safety more than 12 months; it only maintains an annual report regarding safety.[31] Plaintiff's reply includes a portion of a deposition transcript referencing plaintiff's safety record, where the witness, Pete Elroy, testified about documents in "mid-March to end of March 2019."[32] But this statement in and of itself doesn't contradict defendant's position that it cannot recreate a month-to-month review to produce for plaintiff. Further, defendant maintains it has produced the safety reports in its possession that it maintains in the regular course of business.[33] Defendant contends plaintiff is seeking a specifically-formatted safety report that was "created for a limited period of time in which UPS was trying to address safety issues," and is a format the company no longer uses, which defendant supports with a declaration from its District Health and Safety Supervisor for the Central Plains District, Tara Gahr.[34]

The court is satisfied that defendant has complied with Request No. 3. Defendant has produced the relevant information it has in its possession regarding the safety reports, and plaintiff has not demonstrated it is entitled to additional information. Plaintiff's motion to compel is denied as to Request No. 3.

---

[30] ECF No. 115 at 4.

[31] ECF No. 126 at 3.

[32] ECF No. 127 at 1.

[33] ECF No. 126 at 2.

[34] ECF No. 126-1 at 2.

IT IS THEREFORE ORDERED that plaintiff's third motion to compel (ECF No. 115) is denied.

Dated October 22, 2020, at Kansas City, Kansas.

                                              s/ James P. O'Hara  
                                              James P. O'Hara  
                                              U. S. Magistrate Judge