UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SUSAN NORWOOD,

Plaintiff,

v.                                          Case No. 19-2496-DDC

UNITED PARCEL SERVICE, INC.,

Defendant.

## **ORDER**

Plaintiff, Susan Norwood, has filed a motion in limine (ECF No. 120) to preclude defendant from using its affirmative defenses as evidence in summary-judgment briefing or at trial.  Defendant, United Parcel Service, Inc. ("UPS"), opposes the motion (ECF No. 129), arguing there is no basis to preclude the evidence.  As discussed below, the court denies plaintiff's motion.

Background

Plaintiff served her first interrogatories and requests for production on December 26, 2019, including Interrogatory No. 6, which read, "State all facts that support each of the affirmative defenses you intend to assert, or have asserted, during the course of this litigation."[1]  Defendant served its initial responses on January 29, 2020, objecting to the interrogatory on several grounds, but responding, subject to the objection, with a page-long

---

[1] ECF No. 25; ECF No. 120-1.

recitation of allegations supporting its affirmative defenses and incorporating its answer to another interrogatory.[2]

During discovery, defendant has taken the position that plaintiff violated a non-disclosure agreement and made numerous recordings in violation of UPS policy.[3]  During plaintiff's deposition, completed on September 11, 2020, defense counsel asked plaintiff about producing confidential personnel records and other proprietary information "she apparently collected during her employment with UPS, despite her claims that she had returned her UPS-issued laptop."[4]  Defendant served its fifth supplemental responses on October 6, 2020, adding another page of supporting allegations to its interrogatory answer, including references to plaintiff's alleged violations.[5]

When plaintiff filed the instant motion, defendant had not filed an answer to the amended complaint; rather, there was a pending motion to dismiss, or in the alternative, for a more definite statement as to plaintiff's amended complaint.[6]  The court entered an order on that motion on September 29, 2020, granting it in part and denying it in part.[7]

---

[2] ECF No. 26; ECF No. 120-1.

[3] ECF No. 129 at 1.

[4] *Id.* at 1.

[5] ECF No. 120-1.

[6] ECF Nos. 13, 14.

[7] ECF No. 108.

Plaintiff filed her second amended complaint on October 14, 2020.[8]  On October 28, 2020, defendant filed its answer and affirmative defenses.[9]

Analysis

Plaintiff has titled this filing a "motion in limine," but as defendant asserts, it appears to be, in effect, a motion for protective order.  The court has not set deadlines for motions in limine ahead of the September 7, 2021 trial date.  What plaintiff seeks is an order precluding defendant from using its affirmative defenses that were included in its discovery responses and recently-filed answer.  Plaintiff argues defendant cannot raise affirmative defenses, then object to discovery related to those affirmative defenses and decline to take depositions related to them.  Plaintiff argues she has been prejudiced by defendant's failure to timely supplement.  Accordingly, plaintiff argues this evidence should not be considered either on summary judgment or at trial.

As an initial matter, plaintiff hasn't met her burden for showing she's entitled to relief.  Rule 26(c) provides that upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Discovery may be proscribed or limited to prevent abuse.[10]  The court has broad discretion to decide when a protective order is appropriate and what degree of

---

[8] ECF No. 121.

[9] ECF No. 133.

[10] *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010).

protection is required.[11]  The party seeking a protective order has the burden to demonstrate good cause.[12]

Plaintiff has not made any effort to meet these standards.  Beyond asserting that defendant acted unfairly by failing to timely supplement, plaintiff offers no additional factual arguments.  Plaintiff offers no case law in support of her motion and did not file a reply in support of her motion.  As the court has previously directed plaintiff's counsel (*see, e.g.*, ECF No. 115), it's not inclined to grant discovery motions when counsel fails to set forth any applicable case law or analyze any of the relevant factors.  For that reason alone, the court denies plaintiff's motion.

Notwithstanding plaintiff's inadequate briefing, the court will briefly note that it is not persuaded defendant has failed to timely supplement its interrogatory answers.  When plaintiff filed her motion, defendant's answer and affirmative defenses weren't yet due. The record reflects defendant's five supplemental answers to the interrogatories, which appear to have been served as defendant obtained more information through discovery. Based on the record, the court concludes defendant has seasonably supplemented its interrogatory answers and has not waived any affirmative defenses.

---

[11] *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court."); *see also Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007)) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[12] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

As to plaintiff's argument about depositions, the court declines to grant any relief at this stage.  Plaintiff's counsel has apparently asked for certain depositions "to address these affirmative defenses,"[13] and represents defense counsel refused the request.  But defense counsel notes plaintiff has already taken 11 depositions in this case, some of which addressed the affirmative defenses.  Defendant's corporate representative testified about the affirmative defenses, including the defense related to plaintiff's recording of conversations and her alleged violations of the non-disclosure agreement.[14]  The continuation of two fact-witness depositions occurred after defendant supplemented its answer.[15]  And during plaintiff's continued deposition, plaintiff herself testified about the topics at issue here.[16]  After these depositions occurred, defendant "believed it had sufficient evidence to support its after-acquired evidence defense,"[17] which it then asserted in its October 28, 2020 answer and affirmative defenses.

It appears plaintiff's characterization of defendant's refusal to take additional depositions is inaccurate.  Defendant represents – and the e-mail correspondence reflects – counsel has been open to revisiting the issue of additional depositions once the court ruled

---

[13] ECF No. 120 at 1.

[14] ECF No. 129 at 5.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.* at 5; ECF No. 129-1.

on an extension of discovery.[18]   Defendant also points out plaintiff has gone over her

deposition limit and has not requested leave to take additional depositions.[19]   For these

additional reasons, the court is persuaded a protective order is not warranted.

IT IS THEREFORE ORDERED that plaintiff's motion in limine (ECF No. 120)

is denied.

Dated November 13, 2020, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[18] ECF No. 129 at 5.

[19] *Id.* at 6.