UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SUSAN NORWOOD,

        Plaintiff,

v.                                           Case No. 19-2496-DDC

UNITED PARCEL SERVICE, INC.,

        Defendant.

## **ORDER**

Defendant, United Parcel Service, Inc., has filed a motion seeking a protective order or, in the alternative, an order compelling plaintiff to produce supplemental discovery responses (ECF No. 139). Plaintiff opposes the motion, arguing she's in the process of producing the relevant information and a protective order isn't necessary.[1] For the reasons discussed below, the motion is granted in part and denied in part.

Background

On December 26, 2019, defendant served discovery requests to plaintiff, including Interrogatory No. 16, which reads:

> At any time during your employment with defendant, did you send e-mails, text messages, or keep any notes, diaries, journals, calendars, or other records of any events or conversations that relate to the allegations in Paragraphs 6-162 of your amended complaint, or otherwise reference events at work? If

_____

[1] ECF No. 144.

O:\ORDERS\19-2496-DDC-139.DOCX

so, provide a description of any document identified, the date you created the document, and the allegation to which the document relates.[2]

Request for Production No. 14 sought any "audio, pictorial, or video recording of any existing or former employee or agent of defendant (other than you) that relates to any of your claims in this lawsuit."[3]   On May 29, 2020, the court directed plaintiff to supplement responses to both of these discovery requests in its order on defendant's motion to compel.[4]   Defendant served a second set of requests for production on September 15, 2020,[5] to which plaintiff served responses on October 14 and October 15, 2020.[6]

At issue in this motion is a subset of these documents, ostensibly in response to the second set of discovery but which also appear responsive to the first set.  They are largely photographs and/or screenshots of documents in plaintiff's possession that do not have metadata because they were produced in PDF form and therefore do not have identifying dates.  First, defendant seeks additional information about when plaintiff first knew about these messages, as it appears plaintiff has had these documents through the course of the litigation.[7]  Defendant contends the messages should be excluded from evidence on these

_____

[2] ECF No. 140-1 at 3-4.

[3] ECF No. 140-2 at 3.

[4] ECF No. 71.

[5] ECF No. 102.

[6] ECF No. 122.

[7] ECF No. 140 at 5.

grounds alone for plaintiff's failure to produce them until after her deposition.[8]  Second, defendant argues the dates of creation, i.e., when plaintiff photographed or screenshotted the document, are relevant, especially if they were created before plaintiff's deposition, which took place on September 11, 2020.  Defendant contends it isn't able to ask plaintiff about these documents, as the deposition has been completed.[9]

Plaintiff's counsel represents these documents are from plaintiff's phone and plaintiff only remembered them during recent depositions.[10]  Plaintiff's counsel has represented he is working on supplementing these responses.[11]  Plaintiff had supplemented her responses to defendant's third set of interrogatories but not her answers to Interrogatory No. 16 when defendant filed the instant motion.[12]  Plaintiff has since supplemented her interrogatory answer with a letter to defense counsel sent on November 23, 2020.[13]

Efforts to Confer

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding defendant's motion, as required by D. Kan. R. 37.2.  Defense counsel

---

[8] ECF No. 140 at 5.

[9] *Id.* at 6.

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.*

[13] ECF No. 151 at 1.

represents she has conferred with plaintiff's counsel via e-mail.[14]   Plaintiff's counsel disputes this characterization and denies defense counsel has engaged in a good-faith discussion.  Specifically, plaintiff's counsel represents, at the time of defendant's motion, he was working with plaintiff to obtain additional responsive information, but plaintiff has been dealing with personal matters that have delayed her responses.[15]  However, according to defense counsel, plaintiff's counsel did not communicate these personal issues until after the filing of this motion.[16]   Defense counsel represents she would have worked on accommodating plaintiff "had plaintiff's counsel simply relayed this information and noted it was a barrier to providing additional information."[17]  Unfortunately, it's not the first time this has happened in this case.[18]

The court will take plaintiff's counsel's representations about plaintiff's personal matters at face value.  But without communicating these circumstances to defense counsel, clearly defense counsel couldn't have made any accommodations.  Plaintiff's counsel cannot in good faith wait until mid-way through the briefing period to update the other side about these circumstances, and his decision to do so bolsters allegations of gamesmanship

---

[14] ECF No. 140 at 3.

[15] *Id.*

[16] ECF No. 151 at 1.

[17] *Id.* at 2.

[18] ECF No. 124.

alleged in this and other motions.  But in reviewing the e-mails exchanged, on balance, the court finds the parties have made adequate efforts to confer about the discovery requests.

Analysis

As discussed above, plaintiff has provided some supplemental information about the October 15, 2020 production, including dates that text messages or instant messages were exchanged and dates that photos were taken.  However, defendant contends some deficiencies remain, including:

- Metadata for plaintiff's screenshots of text messages and photos produced on October 15, 2020;

- Dates for text messages and photos produced on October 14, 2020; and

- Metadata for plaintiff's screenshots of text messages and photos produced on October 14, 2020.[19]

The metadata, in particular, will capture the date plaintiff *knew of* these documents, separate from the actual date they were created.  Defendant moves for a protective order excluding these documents from evidence.  Defendant argues plaintiff's failure to produce these documents for nine months "is in line with the gamesmanship and annoyance tactics employed by plaintiff and her counsel throughout this litigation."[20]  Rather than an oversight, defendant contends (in part because the August 2020 production should have elicited responsive documents that didn't come to light until October 2020) plaintiff's failure to timely supplement "is the latest part of a long line of conduct by plaintiff and her

---

[19] ECF No. 151 at 2.

[20] ECF No. 140 at 6.

counsel to frustrate the discovery process (much of which the court has been privy to)."[21] Plaintiff disputes this characterization of gamesmanship, arguing she "just forgot about these documents due to the stress of caring for her dying father"[22] who passed away the night before.

In the event the court declines to enter a protective order, defendant seeks to reopen plaintiff's deposition for the limited purpose of asking plaintiff about these late-produced documents. Plaintiff opposes this request, arguing she's already been deposed for over seven hours.[23] In response, plaintiff also moves for leave to depose witnesses who will support defendant's affirmative defenses, an issue the court already took up and decided, at least on the present record.[24] The court notes plaintiff has filed an objection to that order, which is pending before the presiding U.S. District Judge, Daniel D. Crabtree.[25]

Rule 26(c) provides that upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Discovery may be proscribed or limited to prevent abuse.[26] The court has broad discretion to decide when a protective order is appropriate and what degree of

---

[21] *Id.*

[22] ECF No. 145 at 3.

[23] ECF No. 144 at 1.

[24] ECF No. 138.

[25] ECF No. 150.

[26] *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010).

protection is required.[27]  The party seeking a protective order has the burden to demonstrate good cause.[28]

Defendant recites the standard for a protective order, as well as Rule 26(e), which requires timely supplementation of discovery responses.  Based on the history in this case, it is a close call, and the court has weighed the appropriateness of a protective order.  But defendant fails to meet the high burden of showing it is entitled to a protective order. Ultimately, given plaintiff's counsel's representations about plaintiff's personal issues, and the partial production that's already occurred, the court is inclined to take a different tack. The information sought is relevant and discoverable (indeed, plaintiff did not at any time object to the requests)[29] and defendant is entitled to full responses under Rule 26(e).

Plaintiff is directed to supplement the information – specifically by providing (1) metadata for plaintiff's screenshots of text messages and photos produced on October 15, 2020; (2) dates for text messages and photos produced on October 14, 2020; and (3) metadata for plaintiff's screenshots of text messages and photos produced on October 14, 2020 – by **December 10, 2020**.

---

[27] *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court."); *see also Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007)) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[28] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

[29] ECF No. 140 at 4.

The court is certain neither party wants to reopen plaintiff's deposition for a third time, and is cautiously optimistic that plaintiff and plaintiff's counsel will heed the court's directive and provide the information in full.  However, in the event defendant has additional questions about the circumstances surrounding this information – particularly in light of representations suggesting plaintiff possesses her work laptop in violation of defendant's company policy – the court will grant leave to do so, albeit in a limited deposition.

Defendant is granted leave, if necessary, to reopen plaintiff's deposition for no more than one hour as to these newly-produced documents, to occur virtually by **December 17, 2020**.  The court recognizes the constraints of the upcoming holiday season but notes that any additional time would affect the January 4, 2021 dispositive-motion deadline.  The court is not inclined to allow opportunities for further delay in this case, as numerous extensions have already been granted.  The parties are directed to make every effort to get this issue resolved, as any requests for extension merely will result in postponing the existing trial setting.  Plaintiff's request for leave to depose witnesses related to the affirmative defenses is denied.

IT IS THEREFORE ORDERED that defendant's motion for protective order or, in the alternative, motion to compel (ECF No. 139) is granted in part and denied in part.

Dated December 3, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

8