IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN NORWOOD,

  Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

  Defendant.

Case No. 19-2496-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Susan Norwood has filed Objections to two Orders issued by Magistrate Judge James P. O'Hara.  Plaintiff's first Objection (Doc. 134-1) asks the court to set aside Judge O'Hara's Order denying plaintiff's Third Motion to Compel (Doc. 128).  Plaintiff's second Objection (Doc. 150) asks the court to set aside Judge O'Hara's Order denying plaintiff's Motion in Limine (Doc. 138).  For reasons explained below, the court overrules both Objections and affirms Judge O'Hara's two decisions.

### I.  Background

Plaintiff filed this employment discrimination lawsuit against her former employer on August 22, 2019.  Doc. 1.  She asserts three claims against defendant:  (1) disability discrimination by failing to accommodate, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 (the "ADA") and the Kansas Act Against Discrimination, Kan. Stat. Ann. §§ 44-1001–1014  (the "KAAD"), (2) disability discrimination in the form of treating plaintiff less favorably than similarly situated employees who had requested accommodations, and by subjecting her to stricter scrutiny and disciplining her for false reasons, in violation of the

ADA and KAAD, and (3) retaliation against plaintiff for filing an EEOC charge and requesting

an accommodation, specifically, by placing plaintiff on a false performance improvement plan

and by refusing to accommodate her, resulting in her retirement, in violation of the ADA and

KAAD.  Doc. 158 at 13–14 (Pretrial Order ¶ 4.a.).

## II.      Legal Standard

Federal Rule of Civil Procedure 72(a) permits a party to present specific, written

objections to a magistrate judge's order.  When reviewing a magistrate judge's order deciding

nondispositive pretrial matters, the district court applies a "'clearly erroneous or contrary to

law'" standard of review.  *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir.

2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988));

28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this clearly erroneous standard, the

district court does not conduct a de novo review of the factual findings; instead, it must affirm a

magistrate judge's order unless a review of the entire evidence leaves it "with the definite and

firm conviction that a mistake has been committed."  *Ocelot Oil Corp.*, 847 F.2d at 1464

(citation and internal quotation marks omitted).  In contrast, "the contrary to law" standard

permits the district court to conduct an independent review of purely legal determinations made

by the magistrate judge.  *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d

1290, 1346 (D. Kan. 2007) (citations omitted).  A magistrate judge's order is contrary to law if it

"fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Walker v. Bd. of

Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July

14, 2011).

### III.     Objection to Judge O'Hara's Order Denying Plaintiff's Third Motion to Compel

On October 22, 2020, Judge O'Hara issued an Order denying plaintiff's Third Motion to Compel.  Doc. 128.  Plaintiff had moved to compel defendant to respond to three requests for production.  *Id.* at 1.  Judge O'Hara analyzed plaintiff's requests for production under Fed. R. Civ. P. 26.  *Id.* at 2–7.  He explained that Rule 26 provides "that the parties may obtain discovery regarding 'any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case.'"  *Id.* at 2 (quoting Fed. R. Civ. P. 26(b)(1)).  Thus, Judge O'Hara summarized the Rule as requiring that "the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable."  *Id.* at 3 (citation omitted).

Judge O'Hara addressed Request Nos. 1 and 2 together.  *Id.* at 3.  Request No. 1 asked defendant to produce "all instant messages contained on plaintiff's former laptop."  *Id.* at 3.  Request No. 2 sought "all emails in .pst format contained on plaintiff's former laptop."  *Id.*  Plaintiff asserted that these documents were relevant to rebut defendant's arguments about her poor work performance.  But, Judge O'Hara found, "[b]eyond these assertions, there is no case law or support in [plaintiff's] motion for why the entire database of messages is relevant, proportionate, and not overly broad."  *Id.*  Also, Judge O'Hara noted that defendant had reason to believe that plaintiff never returned her laptop.  *Id.* at 4.  So, defendant didn't have the responsive documents in the first place.  *Id.*  Without the laptop, defendant couldn't produce instant messages because they aren't maintained on its system.  *Id.*  Also, defendant already had conducted an ESI search on plaintiff's .pst file using court-ordered search parameters, and defendant had produced the relevant documents.  *Id.* at 4–5.  So, Judge O'Hara agreed with defendant that plaintiff's motion constituted an improper attempt to reargue ESI issues.  *Id.* at 5.  He found that plaintiff hadn't shown that defendant's ESI search failed to capture additional

messages or how any additional messages were proportional or relevant. *Id.* So, Judge O'Hara denied plaintiff's motion to compel defendant to respond to Request Nos. 1 and 2. *Id.*

Next, Judge O'Hara addressed Request No. 3. *Id.* It asked defendant to produce "all safety reports or the underlying data in a format like that reflected in Exhibits 3 and 4 and described in Mr. Lenox's deposition." *Id.* Judge O'Hara explained that defendant already had produced the safety reports kept in the normal course of business. *Id.* But, Request No. 3 was "seeking a specifically-formatted safety report that was created for a limited period of time in which [defendant] was trying to address safety issues, and is a format the company no longer uses." *Id.* at 7 (internal quotation marks omitted). Based on that assertion (which defendant had supported with a Declaration from its District Health and Safety Supervisor for the Central Plains District), Judge O'Hara was "satisfied that defendant [had] complied with Request No. 3[,]" defendant had "produced the relevant information it has in its possession regarding the safety reports," and plaintiff had not shown she was entitled to additional information. *Id.* So, Judge O'Hara denied plaintiff's motion to compel defendant to respond to Request No. 3. *Id.*

Plaintiff's Objection makes the conclusory assertion that Judge O'Hara's Order was "clearly erroneous or contrary to law" but plaintiff never explains why. Doc. 134-1 at 1. Taking the two grounds for setting aside a magistrate's order in reverse order, plaintiff hasn't shown that Judge O'Hara's Order was "contrary to law." Indeed, Judge O'Hara applied the correct legal standard, analyzing plaintiff's discovery requests under Rule 26(b)(1). *See* Doc. 128 at 2 (accurately quoting Fed. R. Civ. P. 26(b)(1)); *see also id.* at 3–7 (analyzing whether plaintiff's requests were relevant and proportionate under Fed. R. Civ. P. 26(b)(1)). So, Judge O'Hara's Order did not apply legal principles that are contrary to law.

This leaves Rule 72's other option—the "clearly erroneous" prong.  To carry the day on this argument, plaintiff must leave the reviewing judge "with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted).  Plaintiff fails to convince the court that this conclusion is warranted here.

For Request Nos. 1 and 2, plaintiff argues that the emails and instant messages "constitute Plaintiff's own statements and therefore production of those statements for a four month period should be required."  Doc. 134-1 at 4.  It appears that plaintiff's argument now represents her first offer to limit the scope of her discovery request to a four month time period. Indeed, her counsel's email to defendant asked for documents from December 17, 2017 until plaintiff's retirement—which was in April 2019.  *Id.*  Also, plaintiff never explains which four month time period she is seeking.  In any event, plaintiff's Objection doesn't establish that Judge O'Hara's decision was clearly erroneous.  Plaintiff hasn't explained how *all* of the emails and instant messages are relevant to the claims or defenses in the case, especially when defendant already has conducted an ESI search using court-approved search terms and produced the relevant documents.  Judge O'Hara did not commit clear err by refusing to compel defendant's responses to Request Nos. 1 and 2.

For Request No. 3, plaintiff argues that she requires defendant's safety reports that, she contends, show that other similarly-situated managers performed worse than she did in safety but defendant never placed those employees on a performance improvement plan.  She asserts that Judge O'Hara erred by refusing to compel defendant to produce this information.  But she doesn't explain why and she never addresses Judge O'Hara's reasoning for denying the motion to compel.  As discussed, Judge O'Hara found that defendant had complied with its discovery

obligations by producing the safety reports kept in the normal course of business.  Doc. 128 at 5.
These reports included some monthly reports for 2018 and January-January reports for 2015 to
the present.  *Id.* at 5–6.  Plaintiff's request sought "a specifically-formatted safety report that was
created for a limited period of time in which [defendant] was trying to address safety issues, and
is a format the company no longer uses."  *Id.* at 7 (internal quotation marks omitted).  Based on
that assertion (supported by a Declaration), Judge O'Hara concluded that defendant had
produced the relevant information it had in its possession for safety reports sought by Request
No. 3.  *Id.*

Plaintiff's Objection asserts that if defendant doesn't maintain reports in a particular
format, then Judge O'Hara should have compelled defendant to produce the underlying safety
report data.  Doc. 134-1 at 2.  In its response to plaintiff's Objection, defendant explains that it
has discovered some additional monthly safety reports during its search to produce responsive
documents to another, later request for production that plaintiff propounded.  Doc. 142 at 8.
Defendant represents that it will produce those safety reports to plaintiff.  *Id.*  But, defendant
explains, it cannot recreate month-to-month reports for any time period before November 2019
because the underlying data "rolls off" after 12 months, and thus no longer exists.  *Id.*; *see also*
Doc. 126-1 at 2 (Tara Gahr Decl. ¶ 7).  On this record, the court can't find that Judge O'Hara's
decision refusing to compel defendant to respond to Request No. 3 was clear error.  Judge
O'Hara correctly concluded that defendant had produced the safety report information that it had
in its possession, and plaintiff never demonstrated that she was entitled to additional information
under Rule 26.

The court thus overrules plaintiff's objections to Judge O'Hara's Order denying
plaintiff's Third Motion to Compel, and it affirms his decision.

### IV.      Objection to Judge Hara's Order Denying Plaintiff's Motion in Limine

Next, the court addresses plaintiff's Objection to Judge O'Hara's Order denying

plaintiff's Motion in Limine (Doc. 150).  On November 13, 2020, Judge O'Hara issued an Order

denying plaintiff's Motion in Limine to preclude defendant from using its affirmative defenses as

evidence in summary judgment briefing or at trial.  Doc. 138.  Plaintiff argued that "defendant

cannot raise affirmative defenses, then object to discovery related to those affirmative defenses

and decline to take depositions related to them."  *Id.* at 3.  And, plaintiff argued, defendant's

failure to supplement in a timely fashion had prejudiced her.  *Id.*

Judge O'Hara construed plaintiff's motion as one seeking a protective order under Fed.

R. Civ. P. 26(c).  *Id.* at 3.  He explained, "Rule 26(c) provides that upon a showing of good

cause, a court may 'issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense[.]'"  *Id.* (quoting Fed. R. Civ. P. 26(c)).  And, Judge

O'Hara found, plaintiff hadn't shouldered her burden of establishing "good cause" because she

offered no factual arguments beyond asserting that defendant acted unfairly by failing to

supplement, offered no case law to support her motion, and filed no reply supporting her motion.

*Id.* at 4.  "Notwithstanding plaintiff's inadequate briefing," Judge O'Hara explained that he

wasn't persuaded by plaintiff's assertion that defendant had failed to supplement its interrogatory

answers in a timely fashion.  *Id.*  He found that the record reflected that defendant served five

supplemental answers to discovery—ones that it appeared defendant had served after it had

obtained more discovery.  *Id.*  Judge O'Hara also rejected plaintiff's assertion that defendant had

refused plaintiff's requests to take depositions.  *Id.* at 5.  The record showed that plaintiff already

had taken 11 depositions in the case, and some of those depositions addressed affirmative

defenses.  *Id.*  Also, Judge O'Hara found plaintiff's characterization of defendant's refusal to

allow depositions as "inaccurate" because email correspondence reflected that defendant's counsel was willing to revisit the issue of additional depositions after the court ruled on an extension of the discovery time period. *Id.* at 5–6. So, for these other reasons too, Judge O'Hara denied plaintiff's Motion in Limine. *Id.* at 6.

Plaintiff's Objection argues that Judge O'Hara's Order was contrary to law. Doc. 150 at 1. Plaintiff asserts that her Motion in Limine was not a motion seeking a protective order but, instead, "a trial motion directed to the discretion of the District Judge." *Id.* at 2. But, as Judge O'Hara explained, "[t]he court has not set deadlines for motions in limine ahead of the September 7, 2021 trial date." Doc. 138 at 3. And, instead, it appeared to Judge O'Hara that plaintiff was seeking a protective order based on defendant's purported failure to supplement in a timely fashion. *Id.*

Judge O'Hara did not apply the wrong legal standard. As he correctly noted, the court had not established deadlines for filing motions in limine when plaintiff filed her motion with the court. When Judge O'Hara ruled plaintiff's motion on November 13, 2020, the case still was in the discovery period permitted by the Scheduling Order. *See* Doc. 124 at 8 (Third Amended Scheduling Order extending discovery deadline to November 16, 2020). And, based on plaintiff's assertions in the motion, plaintiff appeared to raise a discovery dispute. Judge O'Hara didn't err by applying Rule 26 to plaintiff's motion.

Also, Judge O'Hara's Order was not clearly erroneous. He explained why plaintiff hadn't shouldered her burden to secure a protective order under Rule 26(c). Doc. 138 at 4. Despite this shortcoming, Judge O'Hara went on to explain why the record belied plaintiff's assertions that defendant had failed to supplement timely or was refusing to allow plaintiff to take depositions. *Id.* at 4–6. In her Objection, plaintiff concedes that she "has taken a 30(b)(6)

witness' testimony on the affirmative defenses" but she "anticipates that [defendant] will attempt to expand this testimony on summary judgment and at trial through the surprise testimony of other witnesses." Doc. 150 at 2. This argument is purely theoretical. And plaintiff offers nothing to support it. To the extent defendant "surprises" plaintiff with evidence that it never disclosed as the Federal Rules of Civil Procedure require, plaintiff can assert the appropriate motion under Fed. R. Civ. P. 37(c). But, it wasn't an error for Judge O'Hara to conclude that plaintiff hadn't shown any basis for relief on the record presented to him. The court thus overrules plaintiff's objections to Judge O'Hara's Order denying plaintiff's Motion in Limine, and it affirms his decision.

## V.    Conclusion

The court concludes that Judge O'Hara's decisions were not clearly erroneous or contrary to law. The court thus overrules plaintiff's Objections to his two Orders.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Susan Norwood's "Objection to Order Denying Third Motion to Compel" (Doc. 134-1) is denied and plaintiff's objections to Judge O'Hara's October 22, 2020 Order (Doc. 128) are overruled.

**IT IS FURTHER ORDERED THAT** plaintiff Susan Norwood's "Objection to Magistrate's Order Denying Plaintiff's Motion in Limine" (Doc. 150) is denied and plaintiff's objections to Judge O'Hara's November 13, 2020 Order (Doc. 138) are overruled.

**IT IS SO ORDERED.**

**Dated this 8th day of January 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**